UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARILYN JOHNSON, | Case No. 2:14-CV-1104 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1107, et al., | |
| Defendant(s). | |

Presently before the court is defendant Service Employees International Union, Local 1107's ("Local 1107") motion for summary judgment. (Doc. # 17). Plaintiff Marilyn Johnson has filed a response (doc. # 24), and defendant has filed a reply. (Doc. # 27).

**I.   Background**

This is an employment discrimination action arising under Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff, an African-American woman, alleges that during her employment, Local 1107 discriminated against her based on her race by treating her disparately from non-African American employees. She asserts that the union eventually terminated her based on her race and that any non-discriminatory basis for her termination was mere pretext. She argues that these allegations form the basis for claims under Title VII and Nevada law. Ms. Johnson's complaint also alleges claims under federal and Nevada law for discrimination based on age, national origin, and sex, for which she offered no support or argument in response to defendant's summary judgment motion.

Local 1107 hired Ms. Johnson in March 2009. Ms. Johnson organized and recruited union members for Local 1107 at hospitals in Las Vegas, NV. Originally, the union assigned Ms. Johnson to work at University Medical Center. She was later assigned to be a "floater," moving around to

**James C. Mahan**
**U.S. District Judge**

different hospitals with various duties including training new hires. She alleges the reassignment was discriminatory.

Beginning in February 2011, Local 1107 initiated several disciplinary actions against Ms. Johnson related to dishonesty or incompetency. She was disciplined three times prior to her termination, twice for misuse of her paid time off. Johnson denies the truth of these allegations. She was also punished for dishonesty related to a calendar she was asked to complete. Further, the disciplinary actions included reprimand for her failure to report to her worksite, failure to meet with certain union members at certain times, failure to demonstrate competency with respect to grievance investigations, and failure to organize members around issues, recruit new leaders, support existing leaders, and grow her unit. She was eventually suspended for three days and told that future transgressions would result in progressive discipline, including termination.

In August 2011, Ms. Johnson was being investigated for conversations plaintiff had with the management staff of a third party rehabilitation facility while wearing her Local 1107 uniform. Local 1107 found that Ms. Johnson lied to its representatives and agents about the conversations she had with the staff of the third party. Plaintiff's representations to Local 1107 were inconsistent with the reports of several employees of the third party. Accordingly, Local 1107 terminated Johnson for dishonesty on September 12, 2011.

Ms. Johnson offers limited evidence in support of her race discrimination claim under Title VII and Nevada Revised Statute ("NRS") 613.330(1)(a), arguing that she was terminated based on discrimination against her race and that her termination for dishonesty was pretext for Local 1107's discriminatory motive. She alleges that her assignment as a floater; certain comments made by one of her supervisors; the use of Spanish language, which Ms. Johnson does not speak, by the same supervisor during some meetings; and her assignment to a purportedly unclean office are evidence of discrimination against her. She argues that her firing was the final act of discrimination.

**II.     Legal Standard**

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

**James C. Mahan**
**U.S. District Judge**

- 2 -

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

#### A. Ms. Johnson's claims for age, national origin, and sex discrimination

Ms. Johnson brings claims under federal and Nevada law for discrimination based on age, national origin, and sex. (*See* doc. # 1). The only facts she pleads with respect to those claims are that she is female, age forty-eight, and that other females were allowed to leave early to pick up children from school—otherwise, her complaint relies on purely conclusory allegations. (*See generally* doc. # 1). She did not engage in discovery on these claims. In her opposition, plaintiff offers neither argument, nor evidence, nor additional factual allegations in support of those claims. Indeed, they are not addressed at all. (*See generally* doc. # 24).    Defendant argues that it is thus entitled to summary judgment on those claims. The court agrees with defendant. Local 1107 has demonstrated plaintiff cannot establish the essential elements of those claims, and Ms. Johnson has not carried her burden to show that a genuine issue of material fact exists with respect to any element—summary judgment in defendant's favor is therefore appropriate on these unsupported claims.

#### B. Ms. Johnson's remaining claims for race discrimination

Local 1107 argues that plaintiff, who has engaged in negligible discovery and offers only her own declaration and deposition in support of her claims, cannot make a showing sufficient to establish the elements essential to a Title VII or NRS § 613.330(1)(a) discrimination claim. It argues that Ms. Johnson has failed to create an inference that Local 1107 terminated her because of her race. Alternatively, defendant argues that even if Ms. Johnson has established a *prima facie* case for disparate treatment, she has failed to prove that Local 1107's rationale for her termination was merely pretext for unlawful discrimination, warranting summary judgment in its favor.

In her opposition, plaintiff argues that she has alleged and offered proof of sufficient discriminatory acts to establish a *prime facie* case of discrimination. She also claims she has shown that the legitimate rationale for her termination was mere pretext. She argues that summary judgment is therefore premature on her discrimination claims.

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e–2(a)(1). Similarly, NRS § 613.330(1)(a) makes it unlawful for an employer "to discharge any person, or otherwise to discriminate against any person with respect to the person's compensation, terms,

**James C. Mahan**
**U.S. District Judge**

- 4 -

conditions or privileges of employment, because of his or her race." NEV. REV. STAT. § 613.330(1)(a).

In response to a motion for summary judgment, a plaintiff claiming race discrimination under Title VII or NRS § 613.330(1)(a) may offer direct or circumstantial evidence that a discriminatory reason more likely than not motivated the employer, or alternatively, may proceed under the *McDonnell Douglas* analysis. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir.2004); see *Apececche v. White Pine Cnty.*, 615 P.2d 975, 977–78 (Nev.1980) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 793, 802 (1973)). Under *McDonnell Douglas*, the plaintiff carries the initial burden of establishing a prima facie case of race discrimination. *McDonnell Douglas*, 411 U.S. at 802. Once the plaintiff has established a *prima facie* case, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the defendant does so, the burden shifts back to the plaintiff to prove defendant's nondiscriminatory reason is pretextual. *Id.* at 804.

A plaintiff can establish a *prima facie* case of race discrimination by demonstrating he or she (1) belongs to a class of persons protected by Title VII, (2) performed his or her job satisfactorily, (3) suffered an adverse employment action, and (4) was treated differently from a similarly situated employee not a member of the same protected class as the plaintiff. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir.2006). The amount of evidence necessary to establish *a prima facie* case is minimal on summary judgment and "does not even need to rise to the level of a preponderance of the evidence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir.1994). Rather, the evidence need only "give rise to an inference of unlawful discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

First, the court finds that Ms. Johnson has not put forth any direct or circumstantial evidence of a discriminatory motive with respect to her termination or her assignment to a floater position. *See McGinest*, 360 F.3d at 1122. She instead attempts to support her claims for racial discrimination by alleging a *prima facie* case for discrimination and rebutting defendant's proffered non-discriminatory basis for her termination and assignment to a floater position. The court will analyze Ms. Johnson's claims under the *McDonnell Douglas* burden shifting analysis. *See McDonnell Douglas*, 411 U.S. at 802.

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

### i. Ms. Johnson's termination and other discipline

Here, the parties do not dispute the first and third elements. As an African American, Ms. Johnson is a member of a protected class, and she suffered an adverse employment action when Local 1107 terminated her employment. Accordingly, the court will focus on the second and fourth elements.

To establish the fourth element of a *prima facie* case, a plaintiff must show his or her employer treated the plaintiff differently from a similarly situated employee outside plaintiff's protected class. *Cornwell*, 439 F.3d at 1028. Whether employees are similarly situated is both an element of the plaintiff's *prima facie* case and evidence of pretext. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1158 (9th Cir.2010). But it is important to keep these steps separate because "[t]o do otherwise would in many instances collapse the three step analysis into a single initial step at which all issues would be resolved." *Lynn v. Regents of Univ. of Cal.*, 656 F.2d 1337, 1344 (9th Cir.1981). At the *prima facie* stage, the plaintiff's burden is "not onerous," and the evidence need only "give rise to an inference of unlawful discrimination." *Burdine*, 450 U.S. at 253.

Ms. Johnson has failed to carry her burden of establishing that she was treated differently from a similarly situated employee not a member of the same protected class as the plaintiff with respect to her termination. *See Cornwell*, 439 F.3d at 1028. Plaintiff has failed to offer any argument or evidence of any similarly situated employee. She does not offer evidence of any employees with materially similar disciplinary issues or roles to her own who were not terminated, nor does she even allege that such an employee exists. She instead argues that the multiple instances of discipline were not deserved, claiming that Local 1107 was either wrong in disciplining her or at fault itself.

Ms. Johnson fails, however, to show that other similarly situated employees were not disciplined for similar behavior. Again, Ms. Johnson has not even alleged that such employees exist. The evidence before the court, which consists only of Ms. Johnson's own deposition and affidavit, is not sufficient to show that Local 1107 treated her differently than a similarly situated employee outside plaintiff's protected class with respect to her termination or the progressive discipline she received prior to termination. *See Hawn*, 615 F.3d 1158. That is because she does not allege the existence of any similarly situated employees.

Ms. Johnson has failed to establish a *prima facie* case for racial discrimination with respect to her termination or other discipline.

James C. Mahan
U.S. District Judge

- 6 -

### ii. Ms. Johnson's assignment to a "floater" position

Ms. Johnson also alleges that her "relegation" to a "floater" role was discriminatory and an adverse action, and that no other employees were assigned to such a role. (*See* doc. # 24). She argues here that similarly situated non-African Americans were not "bounced around by being transferred from hospital to hospital . . . ." (Doc. # 24-1 at 2); (*see* doc. # 24-2 at 59–61). The only evidence Ms. Johnson offers that non-African American employees were not put in floating positions is that the newly hired women whom she trained in her role as a floater were given permanent positions. (*See id.*).

Local 1107 argues that plaintiff was assigned to a "floater" position because she was the only employee who had the necessary skills to handle the responsibilities of a floater. Ms. Johnson admits that the similarly situated employees she offers as proof of discrimination were not similarly situated. She testified that a floater position requires a variety of skills that someone who was new to the union could not provide. (*See* doc. # 24-2 at 62).

As new employees, the women she trained and supervised were not materially similar to her. She also admitted she was "the only one" with hospital experience, which was necessary to complete hospital grievances as the floater position required. (*See id.* at 61–62). "Employees in supervisory positions are generally deemed not to be similarly situated to lower level employees." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), as amended (Jan. 2, 2004). The new employees Ms. Johnson offers to establish the existence of similarly situated employees were not therefore similarly situated.

Ms. Johnson cannot therefore establish a *prima facie* case for race discrimination based on her assignment as a floater for Local 1107. Plaintiff has failed to show that similarly situated employees were treated differently with respect to her assignment as a floater. She has therefore failed to establish a *prima facie* case for race discrimination based on the assignment.

### iii. Ms. Johnson's other allegations of racial discrimination

Many of Ms. Johnson's coworkers were native Spanish speakers. Ms. Johnson alleges that her supervisor, Gricelda Mariscal, conducted some meetings partially in Spanish, knowing that plaintiff could not understand the language. She also claims that she was assigned to an unclean

**James C. Mahan**
**U.S. District Judge**

- 7 -

office that smelled of urine.[1] She argues that Ms. Mariscal's decision to conduct the meetings in Spanish was a discriminatory and adverse action, and that the assignment to a sub-par office was based on her race.

Again, Ms. Johnson fails to offer any evidence of similarly situated employees. With respect to her claim about meetings conducted in Spanish, she fails to identify any non-African American, non-Spanish speaking employee who was treated differently by Ms. Mariscal with respect to her decision about which language to conduct meetings in.

Similarly, she has not offered any evidence with respect to the normal assignment of offices at Local 1107. Specifically, she has not established that similarly situated non-African American employees were assigned to cleaner offices that did not smell of urine.

In fact, she has not presented any evidence of any similarly situated non-African American employees with respect to any of her claims. The court therefore has no basis to find that Ms. Johnson has alleged a *prima facie* case for racial discrimination under Title VII or NRS § 613.330(1)(a).

**IV.    Conclusion**

Defendant Local 1107 has demonstrated that plaintiff has failed to establish a *prima facie* case for racial discrimination under Title VII or NRS 613.330(1)(a). Under the *McDonnell Douglas* framework, defendant is therefore entitled to summary judgment on all of Ms. Johnson's claims.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Service Employees International Union, Local 1107's motion for summary judgment (doc. # 17) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

---

[1] Ms. Johnson alleges that when she complained to Ms. Mariscal about the unclean office, she was told "at least you get to use the front door." She argues that this was a racially motivated and charged comment. The comment does not qualify as an "adverse employment action" for the purposes of a racial discrimination claim and thus will not be further analyzed. The comment may serve as evidence of a hostile work environment, but Ms. Johnson does not bring such a claim in this action. *See Harris v Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993).

**James C. Mahan**
**U.S. District Judge**

- 8 -

IT IS FURTHER ORDERED that defendant Service Employees International Union, Local 1107 shall submit an appropriate judgment consistent with this order.

DATED March 29, 2016.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE